WALTER BOGERT ET AL., PROSECUTORS, v. HACKENSACK
WATER COMPANY, DEFENDANT.

Argued October 8, 1924—Decided January 23, 1925.

**Eminent Domain—Hackensack Water Co.—Powers Conferred
by Statute on Company, Including the Taking of Grist Mill—
Grist Mill Not Devoted to Public Use—Powers Under
Statute Not Exhausted Upon Completion of Works.**

On *certiorari*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutors, *Morrison, Lloyd & Morrison*.

For the defendant, *Wendell J. Wright*.

PER CURIAM.

In this case, Mr. Justice Parker allowed a writ of *certiorari*
to review the order made by him on June 14th, 1924, ap-
pointing commissioners to examine and appraise the lands
described in the petition and to assess the damages to be
sustained in taking and condemning the lands for the use
of the Hackensack Water Company. The prosecutors write
down six reasons for setting aside the order so made.

*First.* The Hackensack Water Company has no power to
take by eminent domain the lands described in the petition.
The answer to this is: On October 26th, 1881, the defendant
company was organized by the consolidation of six aqueduct
companies and the Hackensack Water Company, incorpo-
rated October 2d, 1881. This was authorized by *Pamph. L:*
1876, *p.* 103, § 12. The effect of such a consolidation was
passed upon in *Plainfield Water Co. v. Plainfield*, 84 *N. J.
L.* 634, 639. The company has the power to take the lands
and divert streams of water under the acts *Pamph. L.* 1876,
*p.* 323, § 15, and *Pamph. L.* 1888, *p.* 180. The consolidated
company has all the powers of its constituent companies. It

has the power to take the lands in question, if necessary, for its corporate purposes.

The second reason is substantially the same as the first, with the same answer.

*Third.* The company has no power to take so much of said premises as are lands under water, water courses, springs or pools. The General Water act (3 *Comp. Stat., p.* 3640, § 15; *Pamph. L.* 1888, *p.* 180) provides, "take all such lands and divert all such streams of water as shall be necessary for that purpose" (*i. e.,* the purpose of incorporation) ; the statute makes no exceptions and, therefore, must be held to include all that pertains to the land. *Olmsted* v. *Morris Aqueduct,* 46 *N. J. L.* 495; *affirmed,* 47 *Id.* 311.

*Fourth.* The company has no power to take the grist mill, mill dam and mill pond on the described premises. The argument is based upon the idea that a grist mill is devoted to the public use. But the prosecutors nowhere point out or show that there is a legal obligation upon the mill to grind all the grain brought to it. It can select its customers. The operation of the mill is purely voluntary. It is a private use. The owners of the mill, so far as we are able to discover from the record and the briefs, are not under any obligation to serve the public, as was said in the case of *Olmsted* v. *Morris Aqueduct,* 47 *N. J. L.* 331. If no obligation rested upon the water company to supply, on reasonable terms, all who apply for water, the use would be strictly private. The duty of furnishing the public with water must be present, to make it of a public character.

*Fifth.* The powers granted to the Hackensack Water Company, or its predecessors, to construct their works, and to acquire, by eminent domain, lands and other property necessary for that purpose, were exhausted and terminated upon the completion of said works.

The answer to this is found in the case of *Mayor, &c., of Paterson* v. *West Orange Co.,* 84 *N. J. L.* 460.

*Sixth.* The petition and the orders made and proceedings taken in relation thereto, are in divers other respects illegal, unjust and oppressive ; under this point the prosecutors argue

in the brief that it is apparent, on the face of defendant's eminent domain petition, that no such demonstration (*i. e.,* the necessity) has been made, because, there is set forth only the conclusion of the defendant's board of directors, that these lands are necessary and not the facts, which demonstrates that necessity. The petition in this respect is sufficient, in the absence of evidence to the contrary. None of the reasons alleged against the appointment of commissioners is sustained. The proceedings are therefore affirmed, with costs.